IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02376-WYD-MEH

PAUL MAUCIK,

    Plaintiff,
v.

BNSF RAILWAY COMPANY,

    Defendant.

**ORDER ON MOTION FOR ORDER COMPELLING PHYSICAL EXAMINATIONS**

In this lawsuit seeking damages under the Federal Employers' Liability Act for cumulative and/or repetitive exposure to ergonomic risk factors during Plaintiff's employment with Defendant, Defendant seeks to compel Plaintiff to submit to two Rule 35 physical examinations [Docket #19; filed December 28, 2007]. Defendant cites to *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) for the proposition that "[a] plaintiff in a negligence action who asserts . . . physical injury places that . . . injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Defendant states that this case falls within the plain language of *Schlagenhauf*. I agree. Plaintiff's argument concerning the uncontested existence of Plaintiff's injuries, even if true, should not prevent Defendant from exploring their extent, Plaintiff's prognosis, and, of course, the origin of the injuries.

Further, because Plaintiff does not object to Defendant's request to have two separate physicians examine Plaintiff, the motion is granted to that extent.

Plaintiff does propose certain limitations on the Rule 35 examination. Rule 35 permits the Court to specify time, place, manner, conditions, and scope of limitations in the examinations. Defendant has conceded to the first proposed limitation, that the examinations take place within 100

miles of Plaintiff's residence, and it is so ordered. Defendant should reimburse Plaintiff for mileage at the prevailing federal rate, as well as parking fees and any other reasonable, incidental expenses. It is the Court's understanding that these medical examinations typically include some sort of medical history form, but Plaintiff should not be required to sign anything other than such a form. The Court also believes it is reasonable for Plaintiff to be provided any such form at least three days in advance of the examination, based on the Court's assumption that the physicians will be using standard questionnaires. Federal cases are not intended to be trials by surprise, and any such form is certainly not privileged as attorney work product. No other proposed limits will be ordered.

Accordingly, based on the foregoing and the entire record herein, it is hereby **ORDERED** that Defendant's Motion for Order Compelling Physical Examinations Pursuant to Fed. R. Civ. P. 35 [filed December 18, 2007; doc #19] is **granted** as set forth herein.

Dated at Denver, Colorado, this 9th day of January, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge